## (March 19, 1963)

■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, on the Southeast Corner of Jerome Avenue and East 190th Street, in the Borough of The Bronx, as a Site for a Public Parking Garage. 2460 JEROME AVE. REALTY CORP., Respondent-Appellant.— Final decree entered on or about June 15, 1959 unanimously modified, on the law and on the facts by reducing the award for Damage Parcels 1, 1A and 5 to $525,000, and as so modified affirmed, with costs to the City of New York against the claimant-respondent-appellant. In determining values of properties that are condemned, we take into consideration sales of properties that are comparable. Sales and leases of other properties were offered in this case by both the claimant and the respondent but they are of no assistance in determining the value of the damage parcels being considered here. The court was quite right when it said that "The list of sales submitted by the claimant and the city are not comparable to the instant case." Nor can we arrive at a fair estimate of the value of the property by the use of the capitalization method. In order to capitalize income it is essential that a determination of net income be made. In this case the property was owner-occupied so that we cannot look to rental paid. As a result we are obliged to consider the rental value as testified to by the experts. Their testimony on this score was widely divergent. The claimant's expert testified that the rental value of this property was 90 cents a square foot, while the city's expert testified that it was worth but 60 cents a square foot. While rentals of other properties were offered for comparison those properties were not comparable. We must then consider some of the other factors, such as purchase price, assessed valuation, etc. (*Matter of City of N. Y.* [*Marshall*], 8 A D 2d 365.) The award appealed from is $587,000. Deducting $12,000 for fixtures there is a net award for the real estate, as such, in the amount of $575,000. The claimant's expert fixed the value at $740,000.; the city's expert fixed it at $390,000. The property is assessed at $320,625. The award was made in 1959. It appears from the evidence that the claimant bought this property in 1954 for $327,500. At the time of purchase the property was subject to a lease which the claimant states it

was obliged to acquire for $97,500. Accordingly, the claimant urges that we must consider the total purchase price to be $425,000 rather than $327,500. There is no proof, however, as to the nature of the leasehold acquired. We cannot determine whether the leasehold was one that would add to the value of the property or was a detriment which could detract from the value of the property when bought subject to it. Nor can we determine whether the owner over-paid for the leasehold because it desired to obtain possession of the building for its own use. Accordingly, there is no basis for a determination that the property had a market value at the time of purchase of $425,000. However, even assuming that the sum of $425,000 reflected a fair market value at the time of the purchase, and taking into consideration the improvements claimed to have been made since the purchase (although there was no evidence offered as to the amount of such improvements) there is no explanation offered for the increase in value from $425,000 to $575,000. There is no evidence to sustain a finding that values in that neighborhood have gone up to that extent — or for that matter to any extent — between the time of purchase and the time the property was condemned. The increase of $150,000 represents a differential of approximately 35%. Of course, some consideration must be given to the improvements that were made to permit of the use of the property as a distribution center. However, taking all of the evidence into consideration we are convinced that the award was excessive and we believe that the sum of $525,000 which, in and of itself, represents approximately 123% of the purchase price — assuming it to be $425,000 — is the highest figure that could be reasonably fixed as the fair value of this property. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, McNally, and Stevens, JJ.